**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

GARY L. BELL, SR.,                        Civ. No. 14-1789 (NLH/KMW)

        Plaintiff,

                                                    **OPINION**

    v.

TOWNSHIP OF QUINTON,

        Defendant.

---

**APPEARANCES:**

Richard Etienne Incremona, Esquire
Helmer Comley & Kasselman
92 West Main Street
Freehold, New Jersey 07728

     *Counsel for Plaintiff*

Allan E. Richardson, Esquire
Richardson & Galella
142 Emerson Street
Suite B
Woodbury, New Jersey 08096

     *Counsel for Defendant*

**HILLMAN, District Judge:**

     This matter comes before the Court by way of motion [Doc. No. 4] of Plaintiff, Gary L. Bell, Sr., seeking to remand this matter to the Superior Court of New Jersey, Law Division, Salem County.  The Court has considered the parties' submissions, including their responses to the Order to Show Cause dated November 13, 2014, and decides this matter pursuant to Federal

Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion is denied.

I.  <u>BACKGROUND</u>

According to the averments of the complaint, Plaintiff is a citizen of the Township of Quinton, Salem County, New Jersey. (Compl. ¶ 1.)  Plaintiff was previously employed by Defendant, Township of Quinton, as a Housing Official.  (<u>Id.</u> ¶ 3.)  During his term of employment, in the summer of 2010, Plaintiff in his official capacity inspected a dwelling at 18 Beasley Neck Road, Block 18 Lot 2, in the Township of Quinton, and issued an unsafe structural notice condemning the dwelling.  (<u>Id.</u> ¶¶ 4, 9.)  The dwelling was owned by Plaintiff's father, Albert Bell.  (<u>Id.</u> ¶ 4.)  Plaintiff's father gave Plaintiff verbal permission to arrange the demolition of the condemned dwelling.  (<u>Id.</u> ¶ 10.)

Thereafter, Plaintiff spoke with the local fire chief concerning the use of the dwelling as a possible live-fire training exercise for the volunteer firefighters of the Quinton Volunteer Fire Company.  (<u>Id.</u> ¶ 11.)  Although the fire chief at the time did not know if he could conduct such a training exercise, he subsequently notified Plaintiff that the fire company intended to conduct the exercise.  (<u>Id.</u> ¶¶ 11, 13.)  The condemned structure owned by Plaintiff's father was burned down on December 21, 2010.  (<u>Id.</u> ¶ 14.)

An investigation into the fire was then conducted, and Plaintiff was arrested on July 26, 2011 and charged with aggravated arson and official misconduct. (Id. ¶¶ 15, 16.) On July 27, 2011, Plaintiff was placed on administrative leave without pay. (Id. ¶ 18.) On May 28, 2013, all criminal charges against Plaintiff were dismissed. (Id. ¶ 21.) Nonetheless, in July 2013, the Township of Quinton retained a law firm to conduct an administrative investigation of Plaintiff. (Id. ¶ 22.) Plaintiff was advised by letter dated September 4, 2013 that the Township sought his termination based on ten disciplinary charges against him, which included allegations that he violated the Township's Employee Handbook, violated established safety and fire regulations, asked the fire department to burn down a structure for his or his family's sole monetary benefit, and failed to obtain the necessary permits. (Id. ¶ 23.)

Upon receipt of a Preliminary Notice of Disciplinary Action on September 5, 2013, Plaintiff requested an administrative hearing. (Id. ¶ 24.) An administrative hearing was held on November 20, 2013, at which time Plaintiff appeared pro se. (Id. ¶ 26.) The hearing officer sustained nine of the ten charges against Plaintiff, and the Township Committee voted to uphold the recommended findings and conclusions of the hearing officer. (Id. ¶¶ 27-29.) A Final Notice of Disciplinary Action was signed on December 19, 2013, which terminated Plaintiff's employment as

of the date of his suspension, July 26, 2011.  (Id. ¶ 29.)  The
Final Notice of Disciplinary Action advised Plaintiff of his
right to appeal the decision to the Superior Court of New Jersey.
(Id. ¶ 30.)  Plaintiff served a notice on the Township of Quinton
stating his intent to request a trial de novo in the Superior
Court.  (Id. ¶ 30.)

On or about January 20, 2014, Plaintiff filed a verified
complaint in the Superior Court of New Jersey, Law Division,
Salem County.  (Not. of Removal, Ex. 1.)  The complaint contains
five counts generally alleging that the Township, through the
manner in which it conducted the disciplinary hearing, violated
Plaintiff's constitutional and statutory rights to due process.
Defendant removed the case to federal court on March 20, 2014,
alleging that the Court has federal question subject matter
jurisdiction over the claims asserted in the complaint.  (Not. of
Removal ¶ 5.)  Plaintiff thereafter filed the instant motion to
remand this matter back to New Jersey state court.

## II.  <u>STANDARD FOR REMAND</u>

A defendant may remove a civil action filed in state court
to federal court if the federal court would have had original
jurisdiction to hear the matter in the first instance.  28 U.S.C.
§ 1441(a).  A federal court has original jurisdiction over cases
"arising under the Constitution, laws, or treaties of the United
States[,]" and cases "where the matter in controversy exceeds the

sum or value of $75,000 . . . and is between citizens of different States[.]"  28 U.S.C. §§ 1331, 1332(a).

The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal.  See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S. Ct. 534, 95 L. Ed. 702 (1951).  "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  The rule makes the plaintiff "the master of his complaint," and the plaintiff may avoid federal jurisdiction by relying exclusively on state law.  Id.

Once the case has been removed, the court may nonetheless remand the case to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking.  28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Any doubts should be resolved in favor of remand.  Boyer v. Snap-on Tools, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046.

III. __DISCUSSION__

On November 13, 2014, the Court issued an Order to Show Cause with respect to Plaintiff's motion to remand.  The Court noted therein that Plaintiff pleads in Count Five a federal claim for a violation of the Fourteenth Amendment of the United States Constitution.  (Order to Show Cause [Doc. No. 6] ¶ 3.)  The Court concluded that it therefore has original jurisdiction over the action under 28 U.S.C. § 1331.  (Id.)[1]  Therefore, to the extent

_____

[1] In so finding, the Court notes that a plaintiff may refer to the United States Constitution to support a state law claim without necessarily invoking federal question jurisdiction. See, e.g., Bollea v. Clem, 937 F. Supp. 2d 1344, 1352-53 (M.D. Fl. 2013)("The First Amended Complaint, when read as a whole, makes only state law claims.  [Plaintiff's] passing references to his right to privacy do not 'necessarily rais[e]' provisions of the United States Constitution."); Warthman v. Genoa Twp. Bd. of Trustees, 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or, as in [Plaintiff's] case, simply supports an element of a state claim."); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 818 (4th Cir. 2004)("Even if Dixon's claim had relied exclusively on the First Amendment to establish a violation of Section 16-17-560 and thus necessarily depended on a question of federal law, the question of federal law raised by his complaint is not substantial.").  In this case, the complaint states that the Defendant acted "in a manner contrary to the Fourteenth Amendment of the Constitution of the United States, and his constitutional and statutory rights to due process." (Compl. 15 ¶ 5.)  Arguably, this averment could be construed as a mere reference to the federal Constitution, particularly given the absence in the complaint of a claim under 42 U.S.C. § 1983. However, rather than disclaim an effort to assert a federal cause of action, Plaintiff concedes that the complaint alleges a violation of the Fourteenth Amendment of the United States Constitution.  (Pl.'s Br. in Supp. of Mot. to Remand 5.)  It is thus clear that Plaintiff intended to assert a federal question,

Plaintiff seeks remand of the entire case, the motion is denied. Plaintiff asserts a federal-law claim, and the Court may not remand a claim over which it has original jurisdiction.  Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002) ("Where a party seeks to have remanded to state court a case that has been removed, as in this instance, a district court has no discretion to remand a claim that states a federal question."); 75-80 Prop., LLC v. Bd. of Cnty. Comm'r of Frederick Cnty., Civ. A. No. RDB 09-2977, 2010 WL 917635, at *1 (D. Md. Mar. 10, 2010); cf. Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 787 (3d Cir. 1995) ("[N]othing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the civil rights claims, to the state court.").[2]

_____

and the reference to the Fourteenth Amendment was not simply an effort to support a state law claim.

[2] Plaintiff argues in his moving brief and in response to the Order to Show Cause that the federal law claim in this case is not sufficiently substantial to support federal question jurisdiction.  As noted above, the Court has original jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "arising under" language in the statute allows for federal question jurisdiction when significant federal issues are "embedded" in state law claims, even though a federal claim is not expressly asserted.  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).  In Grable, the Supreme Court held that a

7

The only issue remaining at this time is whether the Court should remand the four remaining counts of the complaint, which the Court concluded in the Order to Show Cause assert state-law causes of action.  (Order to Show Cause ¶ 7.)  The claims in Counts One through Four fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because they arise out of the "same case or controversy," or a common nucleus of operative fact, as Plaintiff's Due Process claim under the United States Constitution.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  As such, they may be removed to federal court and the Court may exercise supplemental jurisdiction over these claims.

The Court's power to exercise supplemental jurisdiction is rooted in "considerations of judicial economy, convenience and fairness to litigants . . . [.]"  Gibbs, 383 U.S. at 726, 86 S. Ct. 1130.  However, under 28 U.S.C. § 1367(c), the Court may in its discretion decline to exercise jurisdiction over pendent

_____

federal court will have original jurisdiction over a state law claim if the state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Id. at 314, 125 S. Ct. 2363. However, this analysis is conducted when the state law claim serves as the basis for federal question jurisdiction.  The Court does not consider the substantiality of federal issues where, as here, a plaintiff unequivocally asserts a federal claim under the United States Constitution.

state-law claims if they "substantially predominate[] over the [federal] claim." 28 U.S.C. § 1367(c)(2). The "substantially predominates" standard is a "limited exception to the operation of the doctrine of pendent jurisdiction[,]" and the Court should only utilize its authority under Section 1367(c)(2) "where there is an important countervailing interest to be served by relegating state claims to the state court." Borough of W. Mifflin, 45 F.3d at 789. Such interest may be served when "'a state claim constitutes the real body of a case, to which the federal claim is only an appendage,'" such that "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." Id. (quoting Gibbs, 383 U.S. at 727, 86 S. Ct. 1130).

     The Third Circuit has set forth three ways in which a state-law claim may predominate for purposes of Section 1367(c)(2). First, there may be a substantial quantity of evidence supporting the state claims that would not be relevant to the federal claims. Id. at 789. Second, the comprehensiveness of the remedy sought for the state claims may substantially predominate over the remedy sought on the federal claims. Id. Lastly, the scope of the issues raised by the state-law claims may substantially predominate over the issues raised by the federal-law claims. Id.

In this case, as Defendant concedes, the state-law claims could be seen as the primary substance of this case.  (Def.'s Br. In Response to Order to Show Cause 7.)  However, analysis of the factors in Gibbs demonstrates that these claims do not "substantially predominate" over the federal claim.  Plaintiff's five causes of action are all based on the alleged deprivation of due process under either the federal Constitution or the New Jersey Constitution and statutes.  New Jersey courts "'apply the same standards developed by the United States Supreme Court under the federal Constitution for resolving due process claims under the New Jersey Constitution.'"  Farneski v. Cnty. of Hunterdon, 916 F. Supp. 2d 573, 585 n.15 (D.N.J. 2013) (quoting State Farm Mut. Auto Ins. Co. v. New Jersey, 124 N.J. 32, 590 A.2d 191 (1991)).  Accordingly, the issues raised by the state-law claims here are not likely to predominate over the federal Due Process claim.

Moreover, all of the claims arise from the same factual circumstances, and resolution of the evidence that Plaintiff would seek to introduce in connection with his state-law claims would also be relevant to his federal Fourteenth Amendment claim. Additionally, the remedies sought for the federal-law claim are the same as those sought for the state law claims.  Because the federal and state claims are legally and factually intertwined, the Court finds that judicial economy, fairness to the parties,

and convenience all weigh in favor of the Court's exercise of supplemental jurisdiction over Plaintiff's remaining state-law claims.

Even where state-law claims do not "substantially predominate" in a case, the court may decline to exercise jurisdiction over supplemental state-law claims where there are "compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).  The Court considers here whether remand of the state-law claims is appropriate under this "exceptional circumstances" exception, because the state statute upon which Plaintiff relies provides that the state court has jurisdiction to conduct a trial de novo.  The statute specifically provides: "The Superior Court shall have jurisdiction to review the determination of the governing body, which court shall hear the cause de novo on the record below and affirm, modify or set aside the determination."  N.J. Stat. Ann. § 40A:9-161.

Defendant contends that the Court may exercise jurisdiction over the state-law claims, notwithstanding the language of N.J. Stat. Ann. § 40A:9-161, because the statute does not provide the Superior Court of New Jersey with exclusive original jurisdiction.  (Def.'s Br. in Response to Order to Show Cause 5.) The Court agrees that the New Jersey statute does not deprive this Court of jurisdiction to hear Plaintiff's state-law claims. "[A] grant of exclusive jurisdiction by a state legislature

cannot divest [a federal] Court of subject matter jurisdiction. Put simply, a state legislature cannot define the scope of federal jurisdiction." Landworks Creations, LLC v. U.S. Fidelity & Guar. Co., No. CIV. 05-40072-FDS, 2005 WL 3728719, at *3 (D. Mass. Nov. 15, 2005); see also Marshall v. Marshall, 547 U.S. 293, 314, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006)(holding that despite purporting to grant exclusive jurisdiction to specialized state probate courts over certain matters, state legislation may not divest federal court of jurisdiction over probate-related dispute); Davet v. City of Cleveland, 456 F.3d 549, 554 (6th Cir. 2006) (state statute did not "pose an impediment" to district court's exercise of supplemental jurisdiction, as provision vested jurisdiction in Housing Division of Cleveland Municipal Court "exclusive" of other state courts, but not exclusive of federal court otherwise properly exercising jurisdiction over the case); Hindes v. FDIC, 137 F.3d 148, 168 n.15 (3d Cir. 1998) (holding that "a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction."). As such, the Court does not find "exceptional circumstances" upon which the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

## IV.  CONCLUSION

     For the reasons discussed above, the Court finds that it has original jurisdiction over this action, as Count Five expressly

asserts a claim under the Fourteenth Amendment of the United States Constitution.[3]   Additionally, the Court will exercise supplemental jurisdiction over the state-law claims in Counts One through Four because they share a common nucleus of operative facts with Count Five, and exercising jurisdiction over these claims will promote considerations of fairness, convenience and judicial economy.   Consequently, Plaintiff's motion to remand will be denied.

   An Order consistent with this Opinion will be entered on this date.


                           s/ Noel L. Hillman
                           NOEL L. HILLMAN, U.S.D.J.


Date: December 17, 2014

At Camden, New Jersey

---

[3] As the Court noted in the Order to Show Cause, to seek relief under the United States Constitution, a plaintiff must utilize the vehicle of a claim under 42 U.S.C. § 1983 and may not assert claims for relief under the United States Constitution directly. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906-07 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law.").   Although Plaintiff does not directly cite Section 1983 in the complaint, the Court construes the complaint as asserting a claim pursuant to this statute.