UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

GARY L. BELL, SR.,

        Plaintiff,         Civil No. 14-1789 (NLH/KMW)

v.

                       **MEMORANDUM OPINION AND ORDER**

TOWNSHIP OF QUINTON,

        Defendant.
_____

**APPEARANCES:**

Richard Etienne Incremona, Esq.
Helmer Comley & Kasselman
92 West Main Street
Freehold, New Jersey 07728

    *Counsel for Plaintiff*

Allan E. Richardson, Esq.
Linda A. Galella, Esq.
Richardson & Galella
142 Emerson Street
Suite B
Woodbury, New Jersey 08096

    *Counsel for Defendant*

**HILLMAN, District Judge**

    Presently before the Court are the motion [Doc. No. 13] of Defendant, Township of Quinton, seeking an extension of time to file an answer pursuant to Federal Rule of Civil Procedure 6(b), and the cross-motion [Doc. No. 17] of Plaintiff, Gary L. Bell, Sr., seeking entry of default judgment against Defendant

1

pursuant to Federal Rule of Civil Procedure 55(b); and it appearing that:

1. Pursuant to Federal Rule of Civil Procedure 81(c), after an action is removed to federal court, a defendant who did not answer before removal must file an answer or otherwise defend within the longest of these periods: (A) twenty-one days after receiving -- through service or otherwise -- a copy of the initial pleading, (B) twenty-one days after being served with the summons for an initial pleading on file at the time of service, or (C) seven days after the notice of removal is filed.

2. Plaintiff represents that counsel for the Township of Quinton, Elizabeth M. Garcia, Esq., was served on February 25, 2014, and Township of Quinton Mayor, Joseph Donelson, was served on March 10, 2014. Defendant filed a Notice of Removal on March 20, 2014. Despite being served with the complaint, Defendant has not yet filed an answer in this matter.

3. Plaintiff filed a motion to remand on April 17, 2014. Defendant filed opposition to the motion to remand on April 21, 2014. The Court issued an Order to Show Cause in connection with Plaintiff's motion to remand, which Plaintiff responded to on November 21, 2014, and Defendant responded to on November 26, 2014.

4. The Court entered an Opinion and Order on December 17, 2014 denying Plaintiff's motion for remand. On December 23,

2

2014, less than one week later, Defendant filed the motion to extend time to answer presently before the Court. Counsel for Defendant represents that a request was made to Plaintiff's counsel on December 21, 2014 seeking consent to extend Defendant's time to answer, but Plaintiff's counsel declined to consent at that time. (Decl. of Linda A. Galella, Esq. ¶ 3.)

5.   The Court also notes defense counsel's assertion that counsel did not have sufficient information to file an answer until he received the disciplinary file in this matter on April 11, 2014. (Decl. of Allan E. Richardson, Esq. ¶ 3.) Counsel further represents that he had previously attempted to obtain Plaintiff's consent to extend time to answer by letter dated May 27, 2014, but Plaintiff's counsel refused to sign the consent order. (Id. ¶ 5.) Defendant also asserts that it did not at that time request from the Court an extension of time to answer because it was unclear that the Court would have jurisdiction to address the request while the motion for remand was pending. (Id. ¶ 6.)

5.   Plaintiff filed on December 24, 2014 a request for entry of default.[1]   In the motion, Plaintiff contends that

---

[1] Plaintiff initially filed this request on December 23, 2014, before Defendant filed its motion for an extension of time to answer, but the request was incorrectly submitted as an "affidavit" rather than a "request for default." At the direction of the Clerk's office, Plaintiff re-filed his request

3

"[w]illful disregard of the procedures of this federal Court justifies entry of a default judgment against defendant." (Req. for Entry of Default by the Clerk's Office Pursuant to Fed. R. Civ. P. 55(a) ¶ 17.) (Id.) Further, Plaintiff argues that Defendant has had a reasonable chance to be heard, and its failure to file an answer "despite ample time and opportunity to do so" warrants entry of default judgment. (Id.)

6. Although the Clerk of the Court did not enter default, on December 31, 2014 Plaintiff filed the motion for default judgment presently before the Court.

7. Pursuant to Rule 55, obtaining a default judgment is a two-step process. First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court. See Fed. R. Civ. P. 55(a). Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either: (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) by applying to the Court. See Fed. R. Civ. P. 55(b).

8. "It is the accepted practice in this Circuit and in the Federal Court System generally that a party must request and receive an entry of default from the Clerk prior to moving for

---

on December 24, 2014. In the meantime, Defendant filed its motion for an extension of time to answer.

default judgment before the Court." Graise v. Marie, No. 12-05232, 2013 WL 1155281, at *2 (D.N.J. Mar. 20, 2013).

9. Here, although Plaintiff requested the Clerk's entry of default, Plaintiff did not obtain a Clerk's entry of default prior to filing the present motion for default judgment, and therefore his motion is not properly filed.

10. Moreover, Defendant has filed a motion to extend time to answer out of time pursuant to Federal Rule of Civil Procedure 6(b).[2] Defendant's effort to obtain an extension of time to answer, as well as Defendant's responses to the motion for remand and the Court's Order to Show Cause, demonstrate a willingness to participate in this action. The Third Circuit "does not favor entry of defaults or default judgments" and has expressed a preference to decide cases on the merits. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."). In light of Defendant's efforts to appear in this action and defend this case on the merits, Plaintiff's request for entry of

---

[2] As noted above, Defendant had requested Plaintiff's consent to file an out-of-time answer on December 21, 2014. Plaintiff refused to provide consent and instead attempted to obtain default, notwithstanding Defendant's apparent willingness to appear and defend in this matter.

5

default and Plaintiff's motion for default judgment are denied.

11.  With respect to Defendant's motion for an extension of time to answer, the Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), may for good cause extend a party's time to file an answer "if the party failed to act because of excusable neglect."

12.  In considering whether there was "excusable neglect," the court considers "'all relevant circumstances surrounding the party's omission[,]'" which include "'the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"  Drippe v. Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

14.  Based on the circumstances in this case, the Court finds that there was "excusable neglect."  First, the Court notes that Defendant has participated in the defense of this matter by responding to the motion for remand and the Order to Show Cause; that Defendant did not file a motion to extend time to answer while the motion to remand was pending because it was not clear that the Court had jurisdiction to address the

request;[3] that the delay in filing an answer has caused almost no impact on the judicial proceedings because there were no proceedings while the motion to remand was pending; and that Defendant filed the present motion less than one week after the Court denied Plaintiff's motion for remand.[4]  The Court also notes that Defendant sought on two occasions to obtain Plaintiff's consent to extend time to answer, but Plaintiff refused to provide consent.  Furthermore, Plaintiff asserts no prejudice arising out of the delay in filing an answer, and there is no indication that relevant materials or witnesses were lost or that any party will have gained an advantage through the belated filing of an answer.

---

[3] Plaintiff contends that Defendant is disingenuous in arguing that the Court might not have had jurisdiction to address a request for extension of time, when Defendant has always maintained that the Court has jurisdiction over this matter. Although Defendant may have believed that this Court has subject matter jurisdiction, the Court's jurisdiction nonetheless remained in question while the motion for remand was pending.

[4] Plaintiff repeatedly argues that Defendant waited nine months to seek an extension of time to answer.  According to Plaintiff, Defendant was to file an answer by March 27, 2014, and the motion to remand was filed on April 17, 2014.  Although Defendant could have filed a motion for an extension of time despite the pendency of the remand motion, the Court accepts Defendant's explanation that it did not file such motion based on its concern that the Court lacked jurisdiction to decide the motion in any event.  The Court also notes that Defendant almost immediately sought Plaintiff's consent to extend time to answer once the remand motion was decided and sought permission from the Court to file an answer out-of-time when Plaintiff refused to provide such consent.

15.  Based on the lack of prejudice to Plaintiff, the lack of impact on these proceedings, and Defendant's good faith attempt to file an answer once subject matter jurisdiction was established, the Court finds that Defendant has shown "excusable neglect" and will grant Defendant's motion for an extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(B).  The Third Circuit, as set forth above, has expressed a clear preference that cases be decided on their merits, and Defendant is attempting to participate in the litigation of this matter so that it may be decided on the merits.

THEREFORE, the Court having decided this matter pursuant to Fed. R. Civ. P. 78,

IT IS on this   15th   day of January, 2015,

**ORDERED** that Defendant's motion [Doc. No. 13] for an extension of time to file an answer shall be, and the same hereby is, **GRANTED**; and it is further

**ORDERED** that Defendant shall file an answer to the complaint within fourteen (14) days of the date of this Memorandum Opinion and Order; and it is further

**ORDERED** that Plaintiff's request for entry of default [Doc. No. 15] and cross-motion for default judgment [Doc. No. 17] shall be, and the same hereby are, **DENIED**.

                                               s/ Noel L. Hillman  
                                              NOEL L. HILLMAN, U.S.D.J

At Camden, New Jersey